# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

United States of America, )
        Plaintiff, )
v. ) CR 06-246 TUC DCB (DCB)
Loren Albert Goldtooth, Sr., ) **O R D E R**
        Defendant, )
_____)

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) in part as to the findings of fact and conclusions of law in respect to the Petition to Revoke Supervised Release at to Allegation F, standard condition four, but reverses in part the R&R as to Allegation G, standard condition three. The Court finds the Defendant has violated both conditions three and four of supervised release.

## MAGISTRATE JUDGE'S RECOMMENDATION

On August 8, 2012, Magistrate Judge Charles R. Pyle issued a R&R in regard to the Petition to Revoke Supervised Release of the Defendant. The Magistrate Judge found the Government presented evidence that the Defendant violated standard condition four, which requires him to "answer truthfully all inquiries by the probation officer and follow instructions of the probation officer." He found no evidence that the Defendant violated special condition number three, which requires the Defendant to "cooperate with the Internal Revenue Service and pay all tax liabilities" and "to timely file, accurate and lawful income tax returns and provide proof to the probation officer."

1   STANDARD OF REVIEW AND CONCLUSION

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3)28 U.S.C. § 636(b)(1). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Cr. P. 59(b) (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). Both parties object to the findings of fact and conclusions of law contained in the R&R. The Court has considered their objections, the parties' briefs considered by the Magistrate Judge, and the transcript of record from the evidentiary hearing.

/////

/////

# OBJECTIONS[1]

The Defendant launches a constitutional challenge to standard condition four that he must answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. Defendant argues this standard condition is overly broad, vague, and an inappropriate delegation of power. Standard condition four is, however, imposed pursuant to the broad statutory authority to supervise offenders and to enforce the sentencing court's terms and conditions of supervised release and probation granted probation officers by Congress in 18 U.S.C. § 3603. *United States v. Stephens,* 424 F.3d 876, 880 (9th Cir. 2005), *see also United States v. Truscello*, 168 F.3d 61, 63-64 (2nd Cir. 1999) (finding in pre-guideline case same standard condition imposed under § 3655, predecessor to § 3603, necessary to effect the purpose of the supervised release, and that asserting it constituted an additional punishment would be disingenuous). Standard condition four meets the basic administration requirements essential for a functional term of supervised release. U.S.S.G. § 5D1.3(c)(3).

The Government presented clear and convincing evidence that the Defendant stonewalled the probation officer in her effort, pursuant to standard condition four, to oversee his supervised release, especially her effort to administer supervised release standard condition three. She repeatedly instructed him to sign the IRS form 8821 so she could confirm with the IRS that the tax returns he asserted he had filed had in fact been filed with the IRS. (R&R at 3: lns. 1-19; 3: lns. 23-24- 4:lns. 1-18.)

The Defendant was released from prison on September 25, 2009, and since October 2010, he has essentially been non-compliant with the conditions of release by failing to properly report, failing to pay restitution, and failing to follow the directions of the probation officer related to ensuring his compliance with standard condition three: that he is cooperating with the IRS to pay his tax liabilities and filing timely, accurate and lawful

---

[1] Defendant did not present this argument to Magistrate Judge Pyle. (TR at 54-57.)

income tax returns. (Doc. 142: Petition to Revoke; Doc. 165: Superseding Petition to Revoke.)

The Magistrate Judge's own findings of fact provide by a preponderance of the evidence proof that the Defendant failed to comply with standard condition three. The only evidence in the record favorable to the Defendant is that he gave the probation officer copies of tax returns he allegedly filed with the IRS for some years, but not 2003. (R&R at 4: lns. 9-18.) The probation officer testified that she was contacted by the IRS on August 13, 2010, and informed that the Defendant had not filed his tax returns for the 1998-2009 tax years. *Id.* at 2: lns. 19-22.) On September 1, 2012, the Defendant admitted he had not filed tax returns because he did not have the money to pay the taxes and claimed he did not have to file for 2009 because his income was below the taxable level. *Id.* at 3: ln. 1, n. 2. On September 14, 2011, the IRS again contacted the probation officer with allegations of noncompliance. *Id.* at 3: lns. 4-9.

Without Defendant's signature on the form 8821, the probation officer was divested of her ability to administer Defendant's compliance with standard condition three. Defendant suggests the probation officer could have secured the IRS tax documents through other means, such as a government subpoena or an order from this Court. The Defendant asserts he will sign the form 8821, if so ordered by the Court. In fact on the day of the evidentiary hearing held by Magistrate Judge Pyle, the Defendant gave the Government a copy of the 2003 tax return, which he alleges he has filed with the IRS. Unlike the Magistrate Judge, who expressed reservations that the whole point is to get the Defendant back in prison, this Court affirms the goal under circumstances such as those here, where Defendant has manipulated the system for over two years (October 2010-October 2012) to remain on supervised release, yet been non-compliant with the standard conditions of that release. Neither this Court nor the United States Probation Officer oversees only this Defendant, and he has taken advantage of the heavy caseload in this district to have all the advantages of supervised release with none of its responsibilities. In this case, supervised release has not served the interests of justice, therefore, the Court revokes it.

| | |
|---|---|
| 1 | CONCLUSION |
| 2 | After *de novo* review of the issues raised in both parties' objections, this Court agrees |
| 3 | with the findings of fact but not the conclusions of law made by the Magistrate Judge in the |
| 4 | R&R.  The Court accepts and adopts the Magistrate Judge's Report and Recommendation |
| 5 | (R&R) in part as to the Petition to Revoke Supervised Release, Allegation F (standard |
| 6 | condition four), but reverses in part the R&R as to Allegation G (standard condition three). |
| 7 | The Court finds the Defendant has violated both conditions three and four of supervised |
| 8 | release. |
| 9 | **Accordingly,** |
| 10 | **IT IS ORDERED** that after a full and independent review of the record, in respect to |
| 11 | the Defendant's objections, the Magistrate Judge's Report and Recommendation is accepted |
| 12 | and adopted in part as the findings of fact of this Court and denied in all other parts. |
| 13 | **IT IS FURTHER ORDERED** that Petition to Revoke is GRANTED. |
| 14 | **IT IS FURTHER ORDERED** that the United States Probation Office is directed to |
| 15 | prepare a disposition report. |
| 16 | **IT IS FURTHER ORDERED**  the final disposition hearing is set for  November |
| 17 | 29, 2012 at 10:00 a.m. before this Court. |
| 18 | DATED this 29th day of October, 2012. |

David C. Bury
United States District Judge